No. 14-72745

*In the*

# United States Court Of Appeals

*For the*

# Ninth Circuit

_____

ADOBE SYSTEMS, INC., APPLE INC., GOOGLE INC., and INTEL CORP.,
Defendants-Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, Respondent,

MICHAEL DEVINE, MARK FICHTNER, SIDDHARTH HARIHARAN, and
DANIEL STOVER,
Plaintiffs and Real Parties in Interest.

_____

From the United States District Court
Northern District of California
The Honorable Lucy H. Koh, Presiding
Case No. 5:11-2509-LHK

_____

**RESPONSE OF PLAINTIFFS AND REAL PARTIES IN INTEREST MARK
FICHTNER, SIDDHARTH HARIHARAN, AND DANIEL STOVER TO
PETITION FOR WRIT OF MANDAMUS**

_____

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
Kelly M. Dermody
Brendan P. Glackin
Dean M. Harvey
Anne B. Shaver
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri
Joshua P. Davis
James G. Dallal
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  415.500.6800
Facsimile:  415.395.9940

*Co-Lead Class Counsel*

1199172.5

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................... 1

ARGUMENT ............................................................................... 2

    I.    The District Court Has Broad Discretion to Approve or
          Disapprove a Class Settlement ................................................. 2

    II.   No Settlement Exists To Be Approved ..................................... 6

CONCLUSION ............................................................................ 11

1199172.5

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ace Heating & Plumbing Co. v. Crane Co.*,
453 F.2d 30 (3d Cir. 1971) ........................................................ 3

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................... 5

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997) ................................................................... 10

*Bauman v. United States Dist. Court*,
557 F.2d 650 (9th Cir. 1977) .................................................... 2

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) .................................................. 3

*Gates v. Rohm & Haas Co.*,
248 F.R.D. 434 (E.D. Pa. 2008) ............................................... 5

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .................................................. 3

*In re Crocs, Inc. Sec. Litig.*,
2013 WL 454404 (D. Colo. Aug. 28, 2013) .............................. 5

*In re Stock Exchs. Options Trading Antitrust Litig.*,
2005 U.S. Dist. LEXIS 13734
(S.D.N.Y. July 11, 2005) ....................................................... 8, 9

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) .................................... 2

*Kerr v. United States District Court*,
426 U.S. 394 (1976) ................................................................... 2

*Lowery v. Channel Comm'n, Inc. (In re Cellular 101, Inc.)*,
539 F.3d 1150 (9th Cir. 2008) ................................................ 10

*North Carolina v. Rice*,
404 U.S. 244 (1971) ................................................................... 9

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ........................................... 2, 3, 4

*Ruvalcaba v. City of Los Angeles*,
167 F.3d 514 (9th Cir. 1999) .................................................... 9

*State of California v. Continental Ins. Co.*,
281 P.3d 1000 (Cal. 2012) ........................................................ 8

*Van Dusen v. United States Dist. Court for the Dist. of Ariz.*,
654 F.3d 838 (9th Cir. 2011) .................................................... 3

1199172.5

## TABLE OF AUTHORITIES
### (continued)

Page

### STATUTES

Cal. Civ. Code § 1638.................................................................. 8

### RULES

Fed.R.Civ.P. 23(e)(1).................................................................. 6

1199172.5

## <u>INTRODUCTION</u>

Defendants-Petitioners Adobe Systems, Inc., Apple, Inc., Google, Inc., and Intel Corp. (collectively "Petitioners") ask this Court to issue a writ of mandamus that would direct the district court: (1) to vacate its order denying preliminary approval of the proposed settlement; and (2) to enter an order granting preliminary approval of that proposed settlement.  (Petition at 7.)

Plaintiffs and real parties in interest Mark Fichtner, Siddharth Hariharan, and Daniel Stover ("Plaintiffs") oppose issuance of the writ because the district court has broad discretion to approve or disapprove a class action settlement and is well-positioned to evaluate its merits.  In addition, the settlement agreement no longer exists, by its own terms, as a result of the district court's denial of preliminary approval.  If Petitioners had wanted to preserve the settlement *status quo* pending an appeal from a denial of preliminary approval, such a provision could have been included in the agreement.  It was not.  To the contrary, the settlement agreement clearly and explicitly provides that "the case will proceed as if no settlement had been attempted" upon the district court's denial of preliminary approval. (Dkt. 921-1, at 8.)

Plaintiffs of course believe that the proposed settlement they

- 1 -

submitted to the district court warranted approval.  Otherwise, Plaintiffs would not have agreed to it.  But they recognize the district court's broad discretion under Rule 23 to deny preliminary and final approval and defer to its sound judgment about how best to oversee this litigation.  Accordingly, there is no basis to issue a writ of mandamus, where "only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy."  *Bauman v. United States Dist. Court*, 557 F.2d 650, 654 (9th Cir. 1977) (quoting *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976)).

## ARGUMENT

### I.    The District Court Has Broad Discretion to Approve or Disapprove a Class Settlement

Plaintiffs oppose the Petition to the extent it invites abridgment of district court discretion over preliminary approval of class action settlements.  "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  *See also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (the relevant inquiry under preliminary approval is whether the proposed settlement "falls within the range of possible approval" or "within the range

- 2 -

of reasonableness.").[1]  "Great weight is accorded" to the district court's

views because "[she] is exposed to the litigants, and their strategies,

positions and proofs.  [She] is aware of the expense and possible legal bars

to success.  Simply stated, [she] is on the firing line and can evaluate the

action accordingly."  *Officers for Justice*, 688 F.2d at 626 (quoting *Ace*

*Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30, 34 (3d Cir. 1971)).  As

a result, the district court may be reversed only "upon a strong showing that

the district court's decision was a clear abuse of discretion."  *Id.  See also*

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)

(same).

---

[1] Petitioners argue that the Court should grant the Petition because "this Court has never articulated the standard governing preliminary approval[.]" (Petition at 2.)  But this only weighs against granting the Petition.  "The absence of controlling precedent weighs strongly against a finding of clear error."  *Van Dusen v. United States Dist. Court for the Dist. of Ariz.*, 654 F.3d 838, 845 (9th Cir. 2011) (denying petition).  Absent a showing of "clear error," the Petition should be denied on this basis alone.  *Id.*  Further, the district court acknowledged Ninth Circuit authority concerning the "well-established, non-exhaustive factors for final approval," including *Officers for Justice* and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). (Dkt. 974 ("Op.") at 5.)  The district court's assessment of the proposed settlement also reflected the relevant factors for final approval under *Officers for Justice* and *Hanlon*: "the strength of plaintiffs' case" (*see* Op. at 10-30); "the risk, complexity,  and likely duration of further litigation" (*see* Op. at 9-10, 27-30); "the amount offered in settlement" (*see* Op. at 7-9); "the extent of discovery completed and the state of proceedings" (*see* Op. at 9-10); and "the experience and views of counsel" (*see* Op. at 31).

In this case, there can be no reasonable dispute that the district court was particularly well-qualified to assess the proposed settlement because the district court had actively managed four years of extensive litigation and possessed detailed knowledge of the evidentiary record. The parties executed an initial memorandum of understanding regarding the principal terms of the proposed settlement on April 24, 2014 (Dkt. 900), approximately one month before the trial was set to begin on May 27, 2014 (Dkt. 768). In assessing the proposed settlement, the district court relied upon its knowledge gained from adjudicating motions to dismiss, two complete rounds of class certification motions, and motions for summary judgment. The evidentiary record at summary judgment alone included deposition testimony from 67 witnesses, 2,174 pages of analysis provided by ten experts, and 5,680 pages of business records. As this Court has acknowledged, an adequate assessment of a proposed class action settlement "is nearly assured" where, as here, "all discovery has been completed and the case is ready for trial." *Officers for Justice*, 688 F.2d at 626.

In addition, Petitioners ask this Court to reverse on the basis of the preliminary approval standard. But Plaintiffs submit that such a reversal could impose unnecessary delay and cost to the detriment of the class here. The district court has concluded the proposed settlement does not meet the

- 4 -

standard for preliminary approval and, *a fortiori*, that it does not meet the more exacting standard for final approval.  *See*, *e.g.*, *In re Crocs, Inc. Sec. Litig.*, 2013 WL 454404, at *3 (D. Colo. Aug. 28, 2013) (recognizing preliminary approval standard is less demanding than final approval standard); *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 444 n.7 (E.D. Pa. 2008) (same).  The district court reached its conclusion based on extensive knowledge and experience with the case.  Petitioners argue that the proposed settlement warrants preliminary approval.  But reversal on that basis—unless it also warrants final approval—could harm the very absent class members the approval process is designed to protect.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (in the settlement context courts must attend to those aspects of Rule 23(b)(3) that were "designed to protect absentees").  In the absence of any instruction on final approval, requiring the parties to undertake an uncertain full approval process would not only be costly—notice itself may cost hundreds of thousands of dollars to mail and administer—but would impose substantial and potentially unnecessary delay in the event of a denial of final approval.

Delay is the friend of defendants, not plaintiffs.  Plaintiffs have the evidentiary burden that only grows heavier as witnesses' memories fade.  And it is often only the threat of imminent trial that focuses the defendants'

- 5 -

minds on resolving litigation by agreement.  (Dkt. 974 ("Op.") at 31 (noting

Petitioners did not settle until trial was only a month away).)  The settlement

approval process is time-consuming and expensive, involving a months-long

notice period, an opportunity for class members to object, comment, or opt

out, and a subsequent fairness hearing.  *See* Fed.R.Civ.P. 23(e)(1) (imposing

class notice requirement and providing for opportunity to object, comment

or opt out before final settlement approval hearing).  To undertake that

process without final approval of the proposed settlement would harm the

absent class members, not help them.

## II.    <u>No Settlement Exists To Be Approved</u>

Under the terms of the settlement agreement, the proposed settlement

has ceased to exist.  The proposed settlement states:

> If the Court denies without leave to re-file the motion for
> Preliminary Approval ***the case will proceed as if no settlement
> had been attempted***, and the Settling Parties shall be returned to
> their respective procedural postures, i.e., status quo as of
> April 24, 2014, so that the Settling Parties may take such
> litigation steps that Plaintiffs or the Settling Defendants
> otherwise would have been able to take absent the pendency of
> this Settlement Agreement.

(Dkt. 921-1, at 8; emphasis added.)  The proposed settlement defines "the

Court" as "the United States District Court for the Northern District of

California."  (Dkt. 921-1, at 4.)  The district court denied preliminary

approval.  It did not grant leave to re-file.  (Op. at 32.  *See also* Dkt. 921-1,

- 6 -

at 24-25, stating that if the settlement agreement "does not become effective for any reason" then it "shall be null and void and of no force and effect"). Consistent with the settlement agreement (*id.* at 8, 25), upon the proposed settlement's nullification the parties jointly negotiated and submitted a case schedule for the district court's approval (Dkt. 981: "Class Counsel and counsel for Defendants jointly request a new trial date"), jointly asked the district court to renew all pending motions (*id.*: "In light of the Court's Settlement Order, the parties request that each of their respective motions be renewed"), and completed briefing those motions (Dkts. 988, 990, 991, 992, and 994). The district court granted the parties' joint requests to renew all pending motions, set briefing schedules for those motions that the parties have now completed, and set the trial for April 9, 2015. (Dkt. 986.)

Petitioners cannot now create an exception for an appeal of a denial of preliminary approval where none exists in the settlement agreement. The proposed settlement "contain[ed] the entire, complete, and integrated statement of each and every term and provision of the Settlement Agreement agreed to by and among the Settling Parties." (Dkt. 921-1, at 27.) It provided that it "shall not be modified in any respect except by a writing executed by the undersigned in the representative capacities specified, or others who are authorized to act in such representative capacities." (*Id.*)

- 7 -

"All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California[.]" (*Id.* at 28.)  "If contractual language is clear and explicit, it governs." *State of California v. Continental Ins. Co.*, 281 P.3d 1000, 1004 (Cal. 2012)) (internal quotation omitted).  *See also* Cal. Civ. Code § 1638 (same).  The proposed settlement here is clear and explicit: "the case will proceed as if no settlement had been attempted[.]"  (Dkt. 921-1, at 8.)

When the parties explicitly agree that a settlement agreement will not survive denial of preliminary approval, such a denial renders it null and void and a court will not impose on the parties an exception for a successful appeal.  *See*, *e.g.*, *In re Stock Exchs. Options Trading Antitrust Litig.*, 2005 U.S. Dist. LEXIS 13734, at *25 (S.D.N.Y. July 11, 2005).  The settlement agreement in this case is even clearer than the one at issue in *In re Stock Exchs. Options Trading Antitrust Litig.*, where the trial court ruled a provision rendering a settlement void at preliminary approval meant it was void regardless of the possibility of appeal.  In that case, the district court emphasized that the settlement agreement elsewhere discussed what would happen in the case of an appeal, making clear that the parties would have made an exception for an appeal of denial of preliminary approval if they meant to do so.  *Id.* at *26-*28.  Similarly, the settlement agreement in this

- 8 -

case provides that the settlement shall become effective on, among other things, the completion of all appeals from the order granting final approval (Dkt. 921-1 at 13 (II.F.3)), and discusses the effect of any reversal, vacating or modification on appeal of the award of attorneys' fee and expenses.  (*Id.* at 25 (VIII.A).)  As in *In re Stock Echs. Options Trading Antitrust Litigation*, according to the terms of the settlement agreement, "The relevant question is whether the [trial] Court denied the motion [for preliminary approval], not whether it was correct to do so."  2005 U.S. Dist. LEXIS 13734, at *28.

Petitioners cannot obtain the relief they seek because there is no longer a settlement agreement to be preliminarily approved.  Accordingly, the petition for writ of mandamus is moot and should be dismissed for lack of jurisdiction.  *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions[;] our impotence to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.") (internal citations and quotations omitted); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that

- 9 -

claim is moot and must be dismissed for lack of jurisdiction.").

Petitioners should not complain about this state of affairs, given that it is their own doing. Nor is a similar ruling on preliminary approval capable of repetition yet evading review. The parties could have agreed to keep the settlement in place pending an appeal of a denial of preliminary approval by writ or otherwise. The settlement agreement contains no such provision. Instead, the settlement agreement clearly and explicitly provides that the parties shall proceed as if there were no settlement in the event of a denial of preliminary approval by the district court.[2]

---

[2] While jurisdictional arguments need not be perfected and are always timely, Plaintiffs notified Petitioners prior to their filing of the Petition of Plaintiffs' view that the settlement agreement was no longer operative by its own terms upon the district court's denial of preliminary approval. Petitioners ignored the jurisdictional issue in their Petition. Subsequently, on September 30, 2014, Plaintiffs wrote Petitioners to request that they advise this Court that their Petition was moot and that Petitioners dismiss it. (Attached hereto as Exhibit A.) On October 2, 2014, Petitioners refused, asking Plaintiffs to withhold information regarding the terms of the Settlement Agreement and the Court's lack of jurisdiction in Plaintiffs' response to the Petition. (Attached hereto as Exhibit B.) Of course, "all counsel have a duty 'to bring to the federal tribunal's attention, without delay, facts that may raise a question of mootness.'" *Lowery v. Channel Comm'n, Inc. (In re Cellular 101, Inc.)*, 539 F.3d 1150, 1154 (9th Cir. 2008) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 23 (1997)). Instead of abiding by this obligation, Petitioners threatened Plaintiffs if they disclosed the jurisdictional defect in the Petition. Further, Petitioners' argument that Plaintiffs have violated their duties pursuant to the settlement agreement assumes that the settlement agreement continues to bind the parties pending the outcome of the writ petition. For the reasons [footnote continued on next page]

- 10 -

## <u>CONCLUSION</u>

For the reasons above, Plaintiffs respectfully ask this Court to dismiss the writ (or in the alternative, deny it) and allow the parties to litigate this matter to an expeditious resolution.


Respectfully submitted,

Dated: October 14, 2014          By:   _/s/ Kelly M. Dermody_

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
Kelly M. Dermody
Brendan P. Glackin
Dean M. Harvey
Anne B. Shaver
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

---

explained above, the settlement agreement became void upon the district court's denial of preliminary approval, and with it any obligations the parties had pursuant to it.  Plaintiffs responded to Petitioners' letter on October 13, 2014.  (Attached hereto as Exhibit C.)

- 11 -

JOSEPH SAVERI LAW FIRM, INC.
Joseph R. Saveri
Joshua P. Davis
James G. Dallal
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: 415.500.6800
Facsimile: 415.395.9940

*Co-Lead Class Counsel*

1199172.5

## **STATEMENT OF RELATED CASE**

Plaintiffs Mark Fichter, Siddharth Hariharan, and Daniel Stover are not aware of any related cases pending in this Circuit.

1199172.5

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111-3339.

On October 14, 2014, I served the following document(s):

**RESPONSE OF PLAINTIFFS AND REAL PARTIES IN INTEREST MARK FICHTNER, SIDDHARTH HARIHARAN, AND DANIEL STOVER TO PETITION FOR WRIT OF MANDAMUS**

by transmitting on this date via Email and/or U.S. Mail a true and correct copy of the above referenced documents.

Joseph R. Saveri                                      *Via Email and U.S. Mail*
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, CA  94111
Tel:  (415) 500-6800
Fax: (415) 500-6803

Email:
jsaveri@saverilawfirm.com

*Co-Lead Class Counsel*

1199172.5

Daniel C. Girard                                      *Via Email and U.S. Mail*
Dena C. Sharp
Elizabeth A. Kramer
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA  94108
Tel:  (415) 981-4800
Fax: (415) 981-4846

Email:
dcg@girardgibbs.com
chc@girardgibbs.com
eak@girardgibbs.com

*Attorneys for Class Representative*
*Michael Devine*

Robert A. Van Nest                                    *Via Email and U.S. Mail*
Daniel Purcell
Eugene M. Paige
Justina Sessions
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111
Tel:  (415) 391-5400
Fax: (415) 397-7188

Email: rvannest@kvn.com
dpurcell@kvn.com epaige@kvn.com
jsessions@kvn.com

*Attorneys for Defendant and Petitioner*
*GOOGLE INC.*

Edward D. Johnson                    *Via Email and U.S. Mail*
Lee H. Rubin
Donald M. Falk
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA  94306-2112
Tel:  (650) 331-2057
Fax: (650) 331-4557

Email:
wjohnson@mayerbrown.com
lrubin@mayerbrown.com
dfalk@mayerbrown.com

*Attorneys for Defendant and Petitioner*
*GOOGLE INC.*

David C. Kiernan                    *Via Email and U.S. Mail*
Robert A. Mittelstaedt
Craig A. Waldman
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939
Fax: (415) 875-5700

Email:
dkiernan@jonesday.com
ramittelstaedt@jonesday.com
cwaldman@jonesday.com

*Attorneys for Defendant and Petitioner*
*ADOBE SYSTEMS, INC.*

- 16 -

Gregory P. Stone                                     *Via Email and U.S. Mail*
Bradley S. Phillips
Steven M. Perry
MUNGER TOLLES & OLSON, LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
Tel:   (213) 683-9100
Fax: (213) 687-3702

Email:
gregory.stone@mto.com
brad.phillips@mto.com
steven.perry@mto.com

*Attorneys for Defendant and Petitioner*
*INTEL CORPORATION*

Robert A. Mittelstaedt                               *Via Email and U.S. Mail*
Craig E. Stewart
Catherine T. Zeng
Roberta D. Tonelli
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939
Fax: (415) 875-5700

Email:
ramittelstaedt@jonesday.com
cestewart@jonesday.com
czeng@jonesday.com
rtonelli@jonesday.com

*Attorneys for Defendant Intuit Inc.*

- 17 -

Emily Johnson Henn                          *Via Email and U.S. Mail*
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065
Tel: (650) 632-4700

Email:
ehenn@cov.com

*Attorneys for Defendants Pixar and*
*Lucasfilm Ltd.*

Honorable Lucy H. Koh                        *Via U.S. Mail*
United States District Court
Robert F. Peckham Federal Building
280 S. First Street
San Jose, CA  95113


     I declare under penalty of perjury under the laws of the State of

California that the above is true and correct.

     Executed on October 14, 2014, at San Francisco, California.


        /s/    *Brian Troxel*                

- 18 -

# EXHIBIT A

**JOSEPH SAVERI**
L A W   F I R M

505 MONTGOMERY STREET
SUITE 625
SAN FRANCISCO, CA 94111
TEL  415.500.6800
FAX  415.395.9940

**Lieff
Cabraser
Heimann&
Bernstein**
Attorneys at Law

275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA  94111-3339
T  415.956.1000
F  415.956.1008

September 30, 2014

**VIA EMAIL**

Robert Van Nest
Keker & Van Nest
633 Battery Street
San Francisco, CA 94111

> RE:    *In re High-Tech Employee Antitrust Litigation,*
>        11-cv-2509-LHK (N.D. Cal.)

Dear Bob:

      Section II.B.4. of the Settlement Agreement of May 22, 2014 ("Settlement Agreement") provides that, if the Court denies the motion for preliminary approval "the case will proceed as if no settlement had been attempted, and the Settling Parties shall be returned to their respective procedural postures, i.e., *status quo* as of April 24, 2014 . . . ."  Further, Section VIII.A. of the Settlement Agreement provides that if the Settlement Agreement "does not become effective for any reason, . . . then this Settlement Agreement shall be null and void and of no force and effect . . . ."  Consistent with these provisions, the parties have taken "litigation steps that Plaintiffs or the Settling Defendants otherwise would have been able to take absent the pendency of this Settlement Agreement."  (Settlement Agreement § II.B.4.  *See also id.*, § VIII.A.)  Moreover, the Settling Parties have negotiated and submitted a case schedule to the Court, which has entered an Order adopting the schedule.  (Dkt. 986.  *See* Settlement Agreement §§ II.B.4. and VIII.A.)

      We note that the Petition for Writ of Mandamus you have filed makes no reference to the above and the Court does not appear to have been advised of these provisions, before or after it issued the Order of September 22, 2014.  Among other things, by operation of the provisions referred to above the Petition is subject to dismissal on mootness or other grounds.

      By this letter, we request you advise the Court promptly and undertake steps to so advise the Court and dismiss the Petition.

Very truly yours,

Kelly M. Dermody
Lieff Cabraser Heimann & Bernstein, LLP

Joseph R. Saveri
Joseph Saveri Law Firm, Inc.

1198296.1

San Francisco        New York        Nashville        www.lieffcabraser.com

# EXHIBIT B

# KEKER & VAN NEST LLP

633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
kvn.com

**Robert A. Van Nest**
(415) 391-5400
rvannest@kvn.com

October 2, 2014

**VIA EMAIL**

Joseph R. Saveri
JOSEPH SAVERI LAW FIRM
505 Montgomery Street, Suite 625
San Francisco, CA 94111

Kelly M. Dermody
LIEFF CABRASER HEIMANN & BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Re:   *In re High-Tech Employee Antitrust Litigation*, 11-cv-2509-LHK
      Settlement Obligations in *In re High-Tech Employee Antitrust Litigation*

Dear Joe and Kelly:

We write in response to your September 30 letter regarding the Settlement Agreement and pending Petition for a Writ of Mandamus.  We disagree that the Settlement Agreement is of no effect.  The Settlement Agreement requires the parties to "cooperate and work together in order to effectuate the Settlement."  Section I.B.  We believe that this provision remains in effect and requires Plaintiffs to take reasonable steps to effectuate the settlement and precludes them and their counsel from taking steps to hinder its effectuation.  Plaintiffs' and their counsel's failure to support or their opposition to the writ petition would violate the express provisions of section I.B and the covenant of good faith and fair dealing.

We disagree that section II.B.4 of the Settlement Agreement excuses Plaintiffs from supporting the writ petition.  Section II.B.4 provides that, "[i]f the Court denies without leave to re-file the motion for Preliminary Approval the case will proceed as if no settlement had been attempted…."  As we understand your position, Plaintiffs believe Judge Koh's denial of the motion for preliminary approval, by itself, nullifies the Settlement Agreement and relieves them of further obligations to cooperate in effectuating it.  But if the Ninth Circuit agrees that Judge Koh erred in denying preliminary approval and vacates her initial order, that (erroneous) order will have no effect and cannot render the settlement a nullity.  Plaintiffs' interpretation of section II.B.4 also makes little sense.  It would either foreclose entirely seeking even extraordinary appellate review of an erroneous decision, or it would allow Plaintiffs alternately to support and oppose the Settlement Agreement depending on the outcome of proceedings in the Ninth Circuit.

867894.01

Joseph R. Saveri                              Via E-Mail
Kelly M. Dermody
October 2, 2014
Page 2

Of course, if preliminary approval is denied *finally*, after appellate review has been exhausted, the Settlement Agreement could not be finally approved and would become null and void. *See* section VIII.A (providing that if the settlement is not finally approved, it shall be "null and void;" in contrast, no such language appears in section II.B.4). But the current situation is that preliminary approval, and final approval, may still be obtained. As a consequence, the Settlement Agreement, including the cooperation provision of section I.B, is still in effect and fully enforceable. *See e.g., Gibson v. Homedics, Inc.*, 2014 WL 2757585, at *4-6 (Cal. App. 4 Dist., June 18, 2014) (unpublished) (finding settlement agreement required parties to cooperate and take appropriate steps to effectuate agreement despite trial court's initial denial of final approval).

Plaintiffs' and their counsel's failure to support the writ and decision to actively oppose also amounts to bad faith, violating the covenant of good faith and fair dealing implied in every contract governed by California law. That covenant prevents plaintiffs and their counsel from doing anything that interferes with or frustrates the right of any other party to receive the benefits of the contract. *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 429 (2012).

Any effort by Plaintiffs and their counsel to oppose Defendants' Petition would also be directly at odds with Plaintiffs' repeated statements -- in the Settlement Agreement, in the motion for preliminary approval, and in the hearing before Judge Koh -- that the Settlement Agreement is in the "best interests of the Class." (Settlement Agreement, at 2.) Plaintiffs cannot assert that a settlement is in the best interests of the class one day, and oppose efforts to effectuate that same settlement the next. Taking such contrary positions in the same litigation would raise serious questions about whether Plaintiffs adequately represent the Class.

Finally, the timing of your letter is suspect. Defendants filed the Petition for a Writ of Mandamus nearly four weeks ago. When we advised you of our intention to file that petition, you gave us no indication you believed Defendants were foreclosed from seeking relief in the court of appeals. Instead, Plaintiffs waited until after the Ninth Circuit had ordered a response and oral argument to claim that Defendants had no right to file the Petition in the first place. Whatever strategic considerations underlie your apparent change of heart with respect to the settlement you fervently endorsed before Judge Koh, your current position disregards the ongoing and binding obligation on Plaintiffs and their counsel to support Defendants' efforts to secure court approval.

We are available at your convenience if you wish to discuss these issues further.

Sincerely,

Robert A. Van Nest

# EXHIBIT C

## JOSEPH SAVERI
### LAW FIRM

505 MONTGOMERY STREET
SUITE 625
SAN FRANCISCO, CA 94111
TEL  415.500.6800
FAX  415.395.9940

## Lieff
## Cabraser
## Heimann&
## Bernstein
Attorneys at Law

275 BATTERY STREET, 29TH FLOOR
SAN FRANCISCO, CA  94111-3339
T  415.956.1000
F  415.956.1008

October 13, 2014

**VIA EMAIL**

Robert Van Nest
Keker & Van Nest
633 Battery Street
San Francisco, CA 94111

      RE:   *In re High-Tech Employee Antitrust Litigation,*
           11-cv-2509-LHK (N.D. Cal.)

Dear Bob:

      We write in response to your letter dated October 2, 2014.  By its terms, the settlement agreement became null and void the day the district court rejected it, and thus we are under no duty to support an inoperative agreement.  (Settlement Agreement §§ II.B.4. and VII.A.)  Indeed, we advised you prior to the filing of your Petition that we understood the agreement to be null and void and that any obligation on the parties to support the agreement terminated at the time the district court rejected it.  You chose to file the Petition notwithstanding that understanding.

      Your assertion that we should have simultaneously alerted you to the obvious and related jurisdictional problem with filing such a Petition is baseless.[1]

      Very truly yours,

Kelly M. Dermody
Lieff Cabraser Heimann & Bernstein, LLP

Joseph R. Saveri /s Dmd
Joseph R. Saveri
Joseph Saveri Law Firm, Inc.

---

[1] Further, your reliance on *Gibson v. Homedics, Inc.*, 2014 Cal. App. Unpub. LEXIS 4279 (Cal. App. 4th Dist. June 18, 2014), an unpublished California Court of Appeal decision, is as misplaced as it is irrelevant.  *See* California Rules of Court 8.1115(a) (requiring that unpublished cases "not be cited or relied on by a court or a party in any other action.").  Unlike this case, the trial court in *Gibson granted* preliminary approval, and then only denied final approval *without prejudice* due to a failure of one of the signatories of the settlement agreement to perform according to the agreement's terms.  *Gibson*, at \*14-\*17.